FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) **José Luis Ortiz   PI-135725**
(Name of Plaintiff)   (Inmate Number)

**730 E. Walnut St. Lebanon, PA 17042**
(Address)

(2) _____
(Name of Plaintiff)   (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

Case Number: **1:20-CV-2432**

vs.

(1) **Tina Litz - DWT**

(2) _____

(3) _____
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

CIVIL COMPLAINT

FILED
SCRANTON
DEC 2 8 2020
PER _____ DEPUTY CLERK

TO BE FILED UNDER: [✓] 42 U.S.C. § 1983 - STATE OFFICIALS
                    [ ] 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

**Ortiz v. Litz, et al**
**Civil Action Number 1:20-CV-1837; 2020**
                ↑           ↑              ↑
**still in progress:  No judicial officer assigned**

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ☒ Yes ☐ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ☒ Yes ☐ No

C. If your answer to "B" is Yes:

1. What steps did you take? filled a grievance form and written letter to warden

2. What was the result? Response: "Allegations should be addressed to Prime Care medical for your concerns." and "you are currently housed in Block one."

D. If your answer to "B" is No, explain why not: _____

## III. DEFENDANTS

(1) Name of first defendant: Tina Litz
Employed as Deputy warden of treatment at Lebanon County Correctional Facility
Mailing address: 730 E. Walnut St. Lebanon, PA 17042

(2) Name of second defendant: _____
Employed as hhhhh at _____
Mailing address: _____

(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. As an Non-Quarantine inmate I was subject to be housed in a same unit where Quarantine inmates were held. These Quarantine inmates, awaiting covid-19 test results,

were using same telephones, trimmers, kiosk tablet, and laundry

2. exchanges as Non-Quarantine were in which in every use these certain subjects were not subject to disenfect and clean to stop the spreading of covid-19. In so, I was being exposed to an unreasonable risk of damage to my health. This facility

3. is however not practicing disinfecting surfaces which can cause disease transmission and also not practicing social distancing to mitigate these virus transmission.

"Attached is further information."

## V.  RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Release from imprisonment

2. $ monetary damages in which I am subject to under 8th Amendment for unreasonable risk of damage to my health.

3.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___14th___ day of ___December___, 20_20_.

_____
(Signature of Plaintiff)

4

We are confined and subject to live with Quarantine inmates who been tested for "COVID-19" but yet not have recieved test results. These Quarantine inmates are handling and using the same telephones, kiosk tablet, and trimmers in which in every use these specific items are not subject to clean by chemical agents to stop the spreading of or risk to transfer [Covid-19]. These Quarantine inmates are the same to use our showers in which every inmate is to use in the unit. It is also the same Quarantine inmates to exchange clothing and linens with the Non-Quarantines on laundry day twice a week. Let it be known to being implemented an Order for social distancing which requires individuals "to maintain a distance of at least six(6) feet from persons not in their household", phase one order, and despite widespread understanding of the importance of social distancing, This facility, LCCF, have taken unsufficient and delayed steps to ensure that social distancing is occuring consistently by having Quarantine inmates roam around blocking out in the same unit where Non-Quarantine is housed, or also to having to control environment conditions to provide cleaning supplies to clean telephones, kiosk tablet, trimmers, and cells. Even when residents did have adequate access to cleaning materials, often they have not been informed on how to use effectively or instructions on which cleaning materials to use on which surfaces. Without proper cleaning materials used effectively, COVID-19 can linger on surfaces allowing the virus to spread swiftly in contained environments such as DOC facilities. Cleaning and disinfecting practices can mitigate this risk of disease transmission.

I've been relocated to block 4, shu, on 11/22/2020. for disciplinary status for 15 days. Today is 11/30/2020 with more than 5 inmates who is in Quarantine being the rest Non-Quarantine. This is establishing the likelihood that I will be able to show that I have been exposed to an unreasonable risk of damage to my health. This is not a dispute that the facility are aware of the threat COVID-19 poses to the health of ourselves rather instead is a dispute where the facility, whether or not, recklessly disregarded the risk to our health. In analyzing this standard, the courts should recognize that COVID-19 poses an unprecedentable challenge and that the precautionary measures taking by the facility is rapidly evolving.

* Banks v. Booth, 2020 U.S Dist. Lexis 107762

\* I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the crimes Code (18 pa. C.S. § 4904) relating to unsworn falsification to authorities.

Inmate # PI-13725
signed x Jose L. Ortiz
printed x Jose L. Ortiz
facility: Lebanon County Correctional Facility
Address: 730 E. Walnut St.
Lebanon, PA 17042

Prisoner Rights, Safety

The Eighth Amendment requires that inmates be furnished with the basic human needs, one of which is reasonable safety. It is cruel and unusual punishment to hold convicted criminals in unsafe conditions.

Inmates are entitled to relief under the Eighth Amendment when they prove threats to personal safety from exposed electrical wiring, deficient firefighting measures, and the mingling of inmates with serious contagious diseases with other prison inmates. Prisoners need not wait until they are actually assaulted before obtaining relief.

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The Court holds that the prisoner states a cause of action under the Cruel and Unusual Punishments clause by alleging that prison officials, with deliberate indifference, have exposed him to an unreasonable risk of harm. This decision, like every other "conditions of confinement" case since Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d 251, 97 S.Ct. 285 (1976), rests on the premise that deprivations suffered by a prisoner constitute "punishment" for Eighth Amendment purposes, even when the deprivations have not been inflicted as part of a criminal sentence.

Helling v. McKinney, 509 U.S. 25

Inmate #:
PI-13725

José Luis Ortiz
730 E. Walnut St.
Lebanon, PA 17042
LCCF

LEGAL MAIL

RECEIVED
SCRANTON
DEC 28 2020
Per _____ DEPUTY CLERK

United States District Court
for the
Middle District of Pennsylvania
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

LEGAL MAIL