## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE LUIS ORTIZ,** | : | **CIVIL ACTION NO. 1:20-CV-2432** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **TINA LITZ,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff Jose Luis Ortiz alleges that his civil rights were violated when he was housed in the same housing unit as inmates who were being quarantined due to possible exposure to COVID-19.  Defendant Tina Litz has moved to dismiss.  The motion will be granted.

## I.    Factual Background & Procedural History

Ortiz, a former inmate in the Lebanon County Correctional Facility, initiated this case through the filing of a complaint on December 29, 2020.  (Doc. 1).  Ortiz alleges that while he was incarcerated in the prison, he was housed in the same unit as individuals who were being quarantined based on possible exposure to COVID-19.  (Id. at 1, 5).  The quarantined inmates were allegedly using the same telephones, tablets, laundry facilities, showers and other prison amenities as Ortiz and the other non-quarantined inmates.  (Id. at 1-2, 5).  Prison staff allegedly failed to clean and disinfect these items between uses.  (Id. at 2).  The prison has also allegedly failed to implement adequate social distancing measures to combat the

spread of COVID-19 and has failed to provide inmates with adequate cleaning supplies.  (Id. at 5).  The complaint alleges that the prison's actions constitute deliberate indifference to a serious risk of harm in violation of the Eighth Amendment.  (Id. 6-7).  Ortiz seeks release from imprisonment and monetary damages as remedies for the alleged constitutional violation.  (Id. at 3).  Litz, the prison's deputy warden for treatment, is the only defendant named in the complaint.  (Id. at 1).

Litz moved to dismiss the complaint on August 3, 2021 and filed a brief in support of the motion on the same day.  (Docs. 23-24).  Litz argues that the complaint should be dismissed because there are no allegations that Litz was personally involved in the alleged violations of Ortiz's civil rights.  (Doc. 24).  Ortiz did not respond to the motion, which prompted the court to issue an order on September 17, 2021 requiring him to respond to the motion on or before October 1, 2021.  (Doc. 25).  The court warned that a failure to respond to the motion by the deadline would result in the motion being deemed unopposed.  (Id.)  Subsequent to this order, the court conducted an independent search of the Pennsylvania Department of Corrections' online inmate locator, which indicated that Ortiz was no longer located at his listed mailing address.  (See Doc. 26).  The court accordingly issued an order on November 16, 2021 directing the Clerk of Court to update Ortiz's mailing address and to mail copies of the motion to dismiss and the supporting brief to the updated address.  (Id.)  The court additionally *sua sponte* extended the deadline for Ortiz to respond to the motion to November 30, 2021.

(Id.)  The deadline has since passed, and Ortiz has not responded to the motion to dismiss.  The motion will accordingly be deemed unopposed.  See M.D. Pᴀ. L.R. 7.6.

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim

for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550
U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]
the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause
v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however
inartfully pleaded, must be held to less stringent standards than formal pleadings
drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.
Gamble, 429 U.S. 97, 106 (1976)).

### III.   Discussion

Ortiz brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983
creates a private cause of action to redress constitutional wrongs committed by
state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but
serves as a mechanism for vindicating rights otherwise protected by federal law.
See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d
1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a
deprivation of a "right secured by the Constitution and the laws of the United
States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204
(quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Litz's motion to dismiss argues that dismissal is appropriate because the
complaint does not allege that she was personally involved in any violation of
Ortiz's civil rights.  (Doc. 24).

We agree.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  Id.  Other than naming Litz as a defendant, Ortiz's complaint does not make any allegations as to how she was personally involved in the alleged violations of Ortiz's rights.  Rather, the claims against Litz appear to be based entirely on her role as a supervisory official in the prison, which is insufficient to allege personal involvement.  See id.  We will dismiss Ortiz's complaint on that basis.

We will, however, grant Ortiz leave to amend his complaint.  Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  Leave to amend is appropriate here because Ortiz's complaint is factually, rather than legally, deficient.

## IV.   **Conclusion**

We will grant Litz's motion to dismiss, dismiss Ortiz's complaint without prejudice, and grant Ortiz leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     December 14, 2021